### R. LISHMAN *vs.* H. GILES *et al.*

#### ASSUMPSIT.   BEFORE HARRIS, C.J.

#### DECEMBER, 1879.

Service of garnishee process on the manager of a corporation, at the corporation's office, the president being out of the country, held to be service on the corporation.

#### DECISION OF HARRIS, C.J.

Robert Lishman obtained judgment against Henry Giles at the last July Term of this Court, and subsequently, on the 11th day of August, filed a petition for a garnishee process, setting forth that the Honolulu Iron Works, a corporation established by the laws of this Kingdom, and within the jurisdiction of this Court, is indebted to said Giles in a large amount; and also, that Alexander Young, as agent of said iron works, or individually, is indebted to said Giles, and praying that the property in the hands or possession of said iron works may be attached, and the said Young may be summoned; and the process was issued commanding the officer to serve the Honolulu Iron Works by Mr. Young, and the return is that it was so done. The amended return is in the following words:

"Served the foregoing petition and summons by delivering true and certified copies of the same to Henry Giles and Alexander Young, the managing agent for the Honolulu Iron Works, in charge of their business, at the office of said company

at their works in the city of Honolulu, by officer Bartholomew, this 11th day of August, 1879."

On the 12th day of August, Mr. Young appeared and filed the following answer:

"Alexander Young, for himself and the Honolulu Iron Works, answers that the said corporation is indebted to said defendant in the sum, as shown by the books of account, $939.13, which sum is liable to correction for errors and for deficiencies, if any, in said defendant's accounts, and against which sum the said corporation has an offset for counsel fees incurred for said defendant at the request of said corporation acting for said defendant, the amount of which fees is not yet ascertained."

And upon that answer an order was made as follows:

"Alexander Young, for himself and said Honolulu Iron Works, answering that said corporation is indebted to said Giles in the sum of $939.13, which sum is liable to correction for errors and for deficiencies, if any, in said Giles' accounts; now therefore, it is ordered and said corporation is strictly enjoined to retain in their hands, subject to the order of this Court, any and all sums of money due the said Giles at the time of serving the garnishee process in this case; and said corporation is farther strictly enjoined not to pay said money or any part thereof to said Giles, or to any other person whatsoever until farther order of this Court. And whereas by the return it appears that it is possible that there may be some offsets for errors or deficiencies in the account of said Giles, it is ordered that the said corporation have two weeks for the purpose of ascertaining said set off, if any there be, and of filing an amended return if they shall find it necessary."

It appears by the testimony of Mr. Hatch, that when he was on his way to the office of the corporation for the purpose of serving this order on the corporation, he met the gentleman who appeared as attorney for Mr. Young, on the return day of the writ, near the office of Mr. T. H. Davies, who is the president of the corporation. Mr. Hatch told Mr. Hartwell what his business was, and asked him if he should proceed with the restrain-

ing order to the office of the company, or if he would take it, and the attorney said he would take it. He farther testifies, and it is an undoubted fact, that Mr. Young is manager and in charge of the business of the corporation; that the corporation has an office at the iron works and not anywhere else; and that Mr. Davies, the president, was not in the country when the process was served.

On the 18th of August, Mr. Young filed an additional answer as follows:—

"And the said Alexander Young further answers that he is not the president of the said Honolulu Iron Works Corporation, on whom by the charter of said corporation legal service is required to be made, and that he is not authorized to accept or waive service of legal process for said corporation or to bind the said corporation by any agreement to pay over moneys. That he is informed by the president of said corporation that on Monday, the 11th day of August, instant, on an order made by said Giles in writing on the same day, to pay over to A. S. Hartwell for legal services $250, and to pay to C. Afong the balance due him, said sums have since been paid in accordance with said order; and that he, the said Alexander Young, has, and since the service upon him of said garnishee process has had, no funds or other property of said defendant in his hands or possession."

It will be observed that this answer is somewhat evasive, for although it states that Mr. Young is not the president of the corporation, yet it does not state that he is not the managing agent. He says that something occurred on "Monday the 11th of August, instant, on an order made by said Giles," but does not say what occurred; and farther says that the president paid the balance due Mr. Giles in accordance with the said order since that time, but does not say when he paid it, nor does he state why the unusual course was pursued of the president paying an employee instead of the managing agent, and he farther says that "since the service upon him of said garnishee process he has had no funds or other property of said defendant

in his hands or possession," which looks like a contradiction of the statement in his first answer that he as agent of the company had funds of the defendant.

By Section 1102 of Civil Code, it is sufficient service in this country, in case any defendant cannot be found, that a certified copy of a summons shall be left with some agent or person transacting the business of the defendant, or at the defendant's last place of residence. Certainly the residence of a corporation is the place where it does its business, and certainly Mr. Young is an agent or person transacting the business of that corporation; and further, even if it were necessary to find the president at all, which is, to say the least, very doubtful considering the manner in which this company is shown to transact their business, he could not be found, being out of the country, so that under any circumstances the service made on the defendant corporation is good; and if the defendant corporation by any of its officers has since the service of the original process paid any sum for account of the defendant Giles, without the order of this Court, they have done it in their own wrong.

Let judgment therefore be entered against the Honolulu Iron Works, garnishee, in favor of Robert Lishman for the sum of $939.13, and let this judgment be entered as of the 27th day of August, 1879.

*Castle & Hatch*, for plaintiff.

*J. M. Davidson*, for defendant.

*A. S. Hartwell*, for garnishee.

Honolulu, December 20th, 1879.